JEAN-PAUL P. CART (SBN 267516)
  e-mail: jcart@schiffhardin.com
STEVEN E. SWANEY (SBN 221437) (*E.D. Cal. admission pending*)
  e-mail: sswaney@schiffhardin.com
SCHIFF HARDIN LLP
One Market Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 901-8700
Facsimile: (415) 901-8701

ROBERT J. WIERENGA (Cal. Bar No. 183687) (*E.D. Cal. admission pending*)
  e-mail: rwierenga@schiffhardin.com
JACOB K. DANZIGER (Cal. Bar No. 278219) (*E.D. Cal. admission pending*)
  e-mail: jdanziger@schiffhardin.com
SCHIFF HARDIN LLP
350 S. Main Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1500
Facsimile: (734) 222-1501

Attorneys for Defendant
FORD MOTOR COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERLENE A. TURNER, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY, A Delaware Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br>Assigned to Hon.:<br>Courtroom:<br><br>**DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Complaint Filed: November 7, 2017<br>Complaint Served: November 20, 2017 |

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1441(b), Defendant Ford Motor Company ("Ford"), by its counsel SCHIFF HARDIN LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. STK-CV-UBC-2017-11911 of the Superior Court of California, County of San Joaquin. In support of this removal, Ford states as follows:

## THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of San Joaquin, entitled *Sherlene A. Turner v. Ford Motor Company*, Case No. STK-CV-UBC-2017-11911 ("the State Action"). The only Defendant named in this action is Ford. Sherlene A. Turner ("Plaintiff") filed this action on November 7, 2017, asserting breach of warranty claims under the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 et seq.) ("Song-Beverly Act") and fraudulent inducement claims. *See* Complaint.

## PROCEDURAL REQUIREMENTS

2. Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the complaint on November 20, 2017. This Notice of Removal is therefore timely filed.

3. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this District embraces the place in which the removed action has been pending.

4. Pursuant to 28 U.S.C. § 1446(d), copies of all process and pleadings for the State Action in Ford's possession are contained in **Exhibit A – C**.

5. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal (**Exhibit D)** will be filed with the Superior Court of California, County of San Joaquin promptly after filing of same in this Court.

6. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal (**Exhibit E)** will be given to all adverse parties promptly after the filing of same in this Court.

7. If any question arises as to the propriety of removing this action, Ford requests the opportunity to conduct discovery, brief any disputed issues, and present oral argument in favor of its position that this case is properly removable.

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, but not limited to, (i) lack of jurisdiction over person; (ii) improper venue and/or *forum non conveniens*; (iii) insufficiency of

process; (iv) insufficiency of service of process; (v) improper joinder of claims and/or parties; (vi) failure to state a claim; (vii) failure to join an indispensable party or parties; or (viii) any other procedural or substantive defense available under state or federal law.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

10. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co, LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)," which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

11. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted).

12. Ford disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that it is "more likely than not" that the amount in controversy is satisfied. *Id*.

13. In the case at bar, Plaintiff seeks both monetary and injunctive relief. Plaintiff alleges breach of express warranty and implied warranties under the Song-Beverly Act, and fraudulent inducement. (Compl. ¶¶ 44-76). Plaintiff alleges that her entitlement to relief under the Song-Beverly Act includes: attorneys' fees, restitution, reimbursement of the price paid for the vehicle, costs, expenses, all incidental, consequential, and general damages, as well as a civil penalty of up to two times the amount of actual damages. (Compl. ¶¶ 50-54, 61-64, 74-76). Plaintiff also seeks pre-judgment interest at the legal rate. (Prayer for Relief). Further, Plaintiff seeks punitive damages. (Compl. ¶ 76, Prayer for Relief).

14.     Plaintiff alleges that on or about August 1, 2016, she purchased a new 2016 Ford Focus ("Subject Vehicle") for $28,726.60, and that the Subject Vehicle's "PowerShift" transmission is defective because of "transmission slips, bucking, kicking, jerking, harsh engagement, premature internal wear, sudden acceleration, delay in downshifts, delayed acceleration, and difficulty stopping the vehicle." (Compl. ¶¶ 5, 6, 21).  Plaintiff alleges that she took her 2016 Ford Focus in for repairs on multiple occasions, and further alleges that the problems could not be repaired.  (Compl. ¶¶ 10-13).

15.     Based on the sales price alleged in Plaintiff's Complaint (Compl. ¶ 6), as well as vehicle repair records in possession of Ford, if Plaintiff were to prevail on her Song-Beverly Act claims, she could potentially seek damages of at least $69,005.61, calculated as follows:

16.     Purchase Price:         $28,726.60

Less Deduction for Use:    $5,724.73

                = $23,001.87 of Potential Actual Damages

Plus Civil Penalty (2 x Actual Damages): $46,003.74

                = $69,005.61 of Potential Damages Awarded

(*See* Declaration of Jacob Danziger ("Danziger Decl."), attached as **Exhibit F**; Cal. Civ. Code § 1793.2(d)(2)(B) – (C); § 1794(c)).

17.     In considering the amount in controversy, civil penalties under the Song-Beverly Act are properly included in the calculation.  *Hall v. FCA US, LLC*, No. 1:16-cv-00684-DAD-JLT, Slip Copy, WL 4445335, at * 4 (E.D. Cal. Aug. 24, 2016); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).  So too are attorneys' fees "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language."  *Sekula v. FCA US LLC*, No. 1:17-cv-00460-DAD-JLT, Slip Copy, 2017 WL 3725931, at *4 (E.D. Cal. Aug. 30, 2017) (quoting *Galt G/G v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)).

18.     The Song-Beverly Act allows for the recovery of attorneys' fees, which regularly exceed $50,000.  *See* Declaration of Steven Swaney ("Swaney Decl."), attached as **Exhibit G;** *see also Goglin v. BMW of North America*, Inc., 4 Cal. App. 5th 462, 470 (2016).  The amount

in controversy calculation also includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

19.  More probably than not, attorneys' fees alone—which regularly exceed $50,000 in cases like this, through trial—will exceed $6,000. Thus, the total amount in controversy exceeds $75,000 even before adding Plaintiff's punitive damages. The amount in controversy is satisfied.

### DIVERSITY OF CITIZENSHIP EXISTS

20.  The Plaintiff is, and was at the time of filing of the Complaint, a citizen and resident of the State of California. (Compl. ¶ 1).

21.  Ford is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Michigan. This Court can take judicial notice of these facts. *See* Excerpt from Ford's 2016 Form 10-K filing, Danziger Decl. Exhibit 2; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."). Further, Plaintiff admits that Ford is a Delaware Corporation. (Compl. at 1).

22.  There is therefore diversity of citizenship between Plaintiff, a California citizen, and Ford, a citizen of Delaware and Michigan but not California. This Court therefore has subject matter jurisdiction over this dispute under 28 U.S.C. § 1332.

### CONCLUSION

23.  For the reasons set forth above, the State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. § 1441 because (i) it is a civil action pending within the jurisdiction of the United States District Court for the Eastern District of California; (ii) it is between citizens of different states; and (iii) the amount in controversy exceeds $75,000, exclusive of interest and costs.

//

//

//

1  Dated: December 20, 2017                SCHIFF HARDIN LLP

2                                          By:  */s/ Jean-Paul P. Cart*
                                               JEAN-PAUL P. CART
3                                              Attorneys for Defendant
                                               FORD MOTOR COMPANY
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT FORD MOTOR COMPANY'S NOTICE LF REMOVAL

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2017, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

In addition, I hereby certify that on December 20, 2017, I caused to be served a copy of the foregoing paper via First Class Mail upon Plaintiff's counsel of record at the address shown below:

David N. Barry
The Barry Law Firm
11835 W. Olympic Blvd., Suite 440
Los Angeles, CA 90064

Dated: December 20, 2017           SCHIFF HARDIN LLP

                                   By: */s/ Jean-Paul P. Cart*
                                       JEAN-PAUL P. CART
                                       Attorneys for Defendant
                                       FORD MOTOR COMPANY

AA\200324140.1